**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

TAWANA BOLTON                                                                                           PLAINTIFF

VERSUS                                                               CAUSE NO. 2:11-CV-220-KS-MTP

FORREST COUNTY, MISSISSIPPI,
CHRIS SELMAN, IN HIS INDIVIDUAL CAPACITY,
and CHIEF CHARLES BOLTON, IN HIS
INDIVIDUAL CAPACITY                                                                         DEFENDANTS

**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

This is an action against Forrest County, Mississippi, for violation of federal constitutional rights and federal statutory rights.  Supplemental state law claims are made against the individual Defendants, Chris Selman and Charles Bolton, for the state law tort of malicious interference with employment relations.  The following facts support this action:

1.

Plaintiff, TAWANA BOLTON, is an adult resident citizen of 201 Third Street West, Post Office Box 263, New Augusta, Mississippi 39462.

2.

Defendant, FORREST COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi.  It is sued for the official policy decisions of its sheriff, and/or Forrest County Board of Supervisors.  It may be served with process upon its Chancery Clerk, Jimmy C. Havard, at 641 North Main Street, Hattiesburg, 39401.

Individual Defendant, CHARLES BOLTON, is an adult resident citizen of Forrest County, Mississippi.  At all relevant times, Bolton was employed as chief deputy of the Forrest County,

Mississippi Sheriff's Department, and is sued for the Mississippi law tort of malicious interference with employment relations and for First and Fourteenth Amendment violations. Defendant Bolton may be served with process upon him at 316 Forrest Street, Hattiesburg, Mississippi 39401.

Individual Defendant, CHRIS SELMAN, is an adult resident citizen of Forrest County, Mississippi. At all relevant times, Selman was employed as a supervisory corrections officer, in charge of the Forrest County, Mississippi Juvenile Detention Center. Selman is sued for the Mississippi law tort of malicious interference with contractual employment relations and for First and Fourteenth Amendment violations. Defendant Selman may be served with process upon him at 110 Alcorn Avenue, Hattiesburg, Mississippi 39401.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983, for violation of the First and Fourteenth Amendments, and for violation Title VII of the Civil Rights Act of 1964. The Court has supplemental jurisdiction over the state law claims against the individual Defendants.

4.

At all relevant times, the Forrest County Juvenile Detention Center was a jail, where children, convicted of minor crimes, are incarcerated. The Forrest County Sheriff is the law enforcement officer in charge of the operation of the jail. However, the sheriff has delegated much, if not all, of the policymaking authority at the jail to the Defendants, Selman and Bolton.

5.

Plaintiff was employed as a jailer at the Forrest County Juvenile Detention Center for approximately eight (8) years.  Plaintiff has a prior history of training as a corrections officer, has been certified as a corrections officer, and at all relevant times, was the only female employed at the Forrest County Juvenile Detention Center who dealt with male inmates.  The other jailers employed at the jail had no training as a corrections officers, did not know the appropriate way to discipline inmates or to control their misbehavior.  This failure to train was the result of official policy decisions of the Forrest County Sheriff's Department, as well as the individual Defendants.

6.

During Plaintiff's employment, because of a lack of training, and general attitude of brutality, jailers often punished misbehavior by entering the jail cells of the juveniles and beating or otherwise abusing the juvenile inmates.  Over the years, Plaintiff filed written incident reports documenting beatings or other abuse on approximately eight (8) different occasions.  Since these incident reports regarded abuse/beatings by lower level officials, no disciplinary action was taken against Plaintiff for her reporting abuse/beatings by the lower level officials.  Some of the reports prepared by Plaintiff and others are attached hereto as Exhibit "A."

7.

In late June 9, 2010, Plaintiff reported to the jail administrator, Donnell Brandon, that she had observed the supervisory officer Defendant Chris Selman abusing a female juvenile inmate by denying the female juvenile items needed for appropriate feminine care, depriving the juvenile inmate of water and by lowering the temperature in the jail cell to a freezing level.  Plaintiff also furnished a videotape of the abuse of the female juvenile inmate to the jail administrator.

8.

Shortly after Plaintiff filed her June 2010 report and furnished the videotape, Plaintiff took a short medical leave because of complications she was experiencing from a previous surgery. Plaintiff was on necessary medical leave until July 6, 2010. During this time, Plaintiff was under the care of two physicians.

9.

Upon Plaintiff's return to work on approximately July 6, 2010, the jail administrator (Darnell Brandon) told her that Defendant Bolton had demanded that she have documentation from a physician affirming that she was able to return to work. Plaintiff obtained the documentation from a physician and returned to work on July 7, 2010. Brandon then informed Plaintiff that Defendant Bolton was not interested in her documentation, that Bolton would not permit her to work, and that Bolton was upset about "tapes" Plaintiff had made of inmate abuse. Thereafter, Defendants caused Plaintiff to be discharged from her employment effective July 7, 2010.

10.

Defendants gave as a pretextual reason for the discharge that Plaintiff had improperly taken medical leave. The real reason for Plaintiff's discharge was that she had reported an incident of jail abuse by individual Defendant Selman to the jail administrator and had made videotapes of jail abuse. Reporting the abuse and making the videotapes represented "citizen speech" and is, therefore, protected by the First Amendment of the United States Constitution.

11.

Additionally, Plaintiff's sex (female) was a proximate contributing cause of her discharge. Plaintiff was the only female jailer, and was also the only jailer who had any training as a correctional officer. Plaintiff had been guilty of no misconduct, but male correctional officers

4

frequently commit acts of misconduct and are not discharged.  This violates Title VII of the Civil Rights Act of 1964 and violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

12.

Following Plaintiff's discharge, she filed an EEOC charge on October 25, 2010, attached hereto as Exhibit "B," and received the right to letter, attached hereto as Exhibit "C."

13.

Additionally, carrying out her duties as a citizen to inform the public of the abuse of children that was occurring at the Forrest County Jail, Plaintiff delivered tapes of the assaults and abuses of children to WDAM Channel 7 News and WBLT Channel 3 News.

14.

Thereafter, the Sheriff of Forrest County, Mississippi or the Board of Supervisors of Forrest County, Mississippi, or both, ratified the violation of Plaintiff's constitutional rights by retaining an attorney to get an injunction, without notice of hearing or hearing, against Plaintiff.  The injunction prohibited Plaintiff's disclosing the videotapes to any person.  A copy of a youth court order obtained by the attorney employed by the Forrest County Supervisors or by an attorney acting for the Forrest County Sheriff, or both, is attached hereto as Exhibit "D."

15.

Obtaining the injunction, Exhibit "D," violates Plaintiff's First Amendment rights and constitutes a deprivation of "liberty" without due process of law, violating United States Constitution Amendment Fourteen.

16.

Defendants are liable to Plaintiff for the following reasons:

(a) Defendant Forrest County, Mississippi, is liable to Plaintiff because, through its policymaking officials, to wit, its sheriff and chief deputy caused Plaintiff to be discharged from her employment in retaliation for exercising her First Amendment rights, by truthfully reporting abuse of an inmate and by videotaping the abuse of inmates.

(b) Defendants are liable to Plaintiff for violation of her First Amendment free speech rights and her Fourteenth Amendment liberty rights by obtaining the ex parte injunction prohibiting Plaintiff from distributing the videotapes to any person, Exhibit "D."

(c) The individual Defendants are liable to Plaintiff for malicious interference with Plaintiff's employment and for causing Plaintiff to be fired because she exercised her First Amendment free speech rights.

(d) Defendants discriminated against Plaintiff on grounds of her sex (female) in violation of Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment of the United States Constitution.

(e) If Plaintiff's firing was caused by her medical leave, then Defendants are liable to Plaintiff for discharge in violation of the Family and Medical Leave Act.

17.

Plaintiff has suffered lost income and mental anxiety and stress.

**REQUEST FOR RELIEF**

Plaintiff requests actual, punitive and liquidated damages in an amount to be determined by a jury, reinstatement and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 20th day of January, 2012.

WAIDE & ASSOCIATES, P.A.

BY: */s/ JIM WAIDE*
    JIM WAIDE
    MS BAR NO: 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

WINSTON THOMPSON, ESQ.
COCHRAN LAW FIRM
162 E. AMITE ST., STE 100
JACKSON, MS 39201
TELEPHONE: 601-812-1000
FACSIMILE: 601-812-1025
EMAIL: wthompson@cochranfirm.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

    I, Jim Waide, attorney for Plaintiff, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

    James K. Dukes, Jr., Esq.
    jdukesjr@jdukeslaw.com
    mtbahm@jdukeslaw.com

THIS the 20th day of January, 2012.

BY: */s/ JIM WAIDE*
    JIM WAIDE